**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JAVARO THOMAS,

    Petitioner,

-vs-                                                        Case No. 8:10-CV-55-T-30EAJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## **ORDER**

THIS CAUSE was initiated upon the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("petition") (Dkt. 1). Petitioner, an inmate in a Florida penal institution proceeding *pro se*, challenges his 1996 plea-based convictions for robbery, burglary, attempted first degree murder, and grand theft entered in the Sixth Judicial Circuit, Pasco County, Florida. Respondent filed a limited response to the petition in which he asserts that Petitioner's petition is time barred (Dkt. 8). Petitioner filed his Opposition to Motion to Dismiss (Dkt. 12), and Supplement to Opposition to Motion to Dismiss (Dkt. 14) in which he requests the Court deny Respondent's request to dismiss his petition as time barred. The Court agrees with Respondent that Petitioner's petition must be dismissed as time barred. An evidentiary hearing is not required for the disposition of this matter. Rules Governing Section 2254 Cases 8(a) (2010).

**Discussion**

Since Petitioner's filed his petition after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, his petition is subject to the provisions thereof. Prior to AEDPA's enactment, state prisoners had almost unfettered discretion in deciding when to file a federal habeas petition. Even delays of more than a decade did not necessarily bar a prisoner from seeking relief. *See, e.g., Lonchar v. Thomas*, 517 U.S. 314, 315 (1996).

The AEDPA dramatically shortened the time for filing a federal habeas petition to one year. Section 101 of AEDPA amended 28 U.S.C. § 2244(d) by adding the following provision:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Section 101 does not start a prisoner's one-year limitation period running until "the date on which the judgment became final by conclusion of direct review."

On October 28, 1993, Petitioner pleaded no contest to robbery with a deadly weapon, armed burglary, attempted first degree murder, robbery and grand theft (Respondent's Ex. 1 at pgs. 103-06). Petitioner was sentenced to 40 years on each of the armed robbery, armed burglary, and attempted first degree murder counts, and concurrent sentences of fifteen and five years were imposed on the robbery and grand theft counts respectively (Id. at pgs. 109-119).

Petitioner's motion to withdraw his plea was denied on January 20, 1994 (Id. at pgs. 143-44). The state appellate court affirmed the denial of the motion to withdraw the plea, but remanded for resentencing (Respondent's Ex. 4); *Thomas v. State*, 657 So. 2d 51 (Fla. 2d DCA 1995). On January 17, 1996, Petitioner was resentenced to the same prison terms he received prior to his appeal (Respondent's Ex. 5 at pgs. 191-206). Petitioner's appeal of the resentencing judgment was affirmed on March 13, 1998 (Respondent's Ex. 8); *Thomas v. State*, 711 So. 2d 549 (Fla. 2d DCA 1998)[table].

Accordingly, Petitioner's conviction was final on June 11, 1998,[1] and the federal limitation period expired one year later, absent tolling pursuant to 28 U.S.C. § 2244(d)(2). Petitioner filed a motion for post-conviction relief ("motion") on September 5, 2000 (Respondent's Ex. 9). The motion, however, was filed beyond the June 11, 1999 federal limitation deadline. As a consequence, the motion, and all of the subsequently filed applications for post-conviction or other collateral review, did not toll the federal limitation period. "[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period." *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002). *See also, Alexander v. Secretary, Dept. of Corrections*, 523 F.3d 1291, 1294 (11th Cir. 2008) ("While a 3.850 motion is a tolling motion under § 2244(d)(2), it could not toll the one-year limitations period if that period already had expired") (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)). Consequently, Petitioner's federal petition is untimely as it was filed after expiration of the AEDPA's one-year limitation period.

**Equitable Tolling**

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United*

---

[1] His judgment of conviction became final 90 days after March 13, 1998, the date of the appellate court's decision affirming the resentencing judgment. *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (finding that the limitations period did not begin to run until the 90-day window during which [the § 2254 petitioner] could have petitioned the United States Supreme Court for a writ of certiorari expired).

*States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). In the instant case, Petitioner has neither argued nor shown that there are any extraordinary circumstances that are both beyond his control and unavoidable with diligence, and therefore he is not entitled to equitable tolling. Accordingly, he is not entitled to equitable tolling of the AEDPA limitation period.[2]

**Actual Innocence**

In his Opposition to Motion to Dismiss, Petitioner appears to assert that the Court should address the merits of his petition because of his actual innocence. In *Melson v. Allen*, 548 F.3d 993, 1002 (11th Cir. 2008), the Eleventh Circuit Court stated:

> Neither the Supreme Court nor this Court has ever held that the Constitution requires an actual innocence exception to the AEDPA's one-year limitations period. *See Johnson v. Florida Dep't of Corr.*, 513 F.3d 1328, 1333 (11th Cir.2008) ("To date, this Court has avoided this constitutional issue because no time-barred petitioner has made the requisite actual-innocence showing."). Before reaching this question, the petitioner must first make a sufficient showing of actual innocence.

A showing of actual innocence "requires the petitioner to produce new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Id*. (quotation omitted). Petitioner has made no such showing. Instead of offering new evidence that he is factually

---

[2]To the extent Petitioner may be asserting that he is entitled to equitable tolling, Petitioner's allegations that retained counsel failed to file a timely state post-conviction motion (see Respondent's Ex. 60) does not constitute "egregious attorney misconduct" warranting equitable tolling. *See Melson*, 548 F.3d at 1001 (Mere attorney negligence does not justify equitable tolling. To be entitled to equitable tolling, there must be "egregious attorney misconduct," such as "proof of bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part.").

5

innocent of the crimes to which he pleaded no contest,[3] Petitioner argues that there was an insufficient factual basis to support his plea (See Dkts. 12, 15). Consequently, even if there is an actual innocence exception to the time period for seeking habeas relief, Petitioner has failed to present new evidence showing his actual innocence.

## Conclusion

For the foregoing reasons, the Court finds that Petitioner's petition must be dismissed as time barred.

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ of Habeas Corpus is **DISMISSED** as time barred (Dkt. 1).

2. The **Clerk** shall terminate all pending motions, and close this case.

# CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the

---

[3]The Supreme Court has held that "'[a]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998)(citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on April 26, 2010.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: Petitioner pro se
Counsel of Record